**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 21, 2011

Lyle W. Cayce
Clerk

No. 10-41316
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LATERRIOUS DMONTRE COLEMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-31-1

Before REAVLEY, SMITH and PRADO, Circuit Judges.

PER CURIAM:[*]

Laterrious Dmontre Coleman appeals his conviction of possession of a firearm by a convicted felon, arguing that the evidence adduced at trial was not sufficient to support his conviction. To convict a defendant of violating 18 U.S.C. § 922(g)(1), "the government must prove that the defendant (1) has been convicted of a felony; (2) possessed a firearm in or affecting interstate commerce; and (3) knew that he was in possession of the firearm." *United States v. Ybarra*, 70 F.3d 362, 365 (5th Cir. 1995). Coleman does not contest that he is a convicted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felon and that the shotgun at issue had moved in interstate commerce; he argues only that he was not the individual who knowingly possessed the firearm. Because he preserved his challenge to the sufficiency of the evidence, we review "whether, viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have found that the evidence establishes the essential elements of the offense beyond a reasonable doubt." *United States v. Villarreal*, 324 F.3d 319, 322 (5th Cir. 2003).

Although he argues that Dexter Farlough and Tiffany Patterson, both of whom identified Coleman at trial as the man who robbed a Taco Cabana restaurant with the shotgun, were not credible, this court will not supplant the jury's credibility determination with its own. *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992). While he argues that the jury incorrectly excluded the possibility that he was the victim of a man named Drew Smith who, Coleman contends, robbed him of his clothes at gunpoint, the evidence need not exclude all other reasonable hypotheses of innocence to be sufficient to support a guilty verdict. *See United States v. Bermea*, 30 F.3d 1539, 1551 (5th Cir. 1994). To the contrary, drawing all reasonable inferences and all credibility determinations in support of the verdict, a reasonable juror could have found beyond a reasonable doubt based upon the evidence adduced at trial that Coleman possessed the shotgun during the robbery and then abandoned it and his clothes in an attempt to distance himself from the evidence of his guilt before his arrest. *See Villarreal*, 324 F.3d at 322.

AFFIRMED.